UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
NESTOR BUESTAN,
individually and on behalf of all others similarly situated,

                                                Plaintiff,

CIVIL ACTION NO.

COMPLAINT

                                    -against-

RYSZARD FOOD DISTRIBUTOR, INC., RYSZARD
HORCZAK and MARGARET HORCZAK,

                                                Defendants.
-----------------------------------------------------------------------X

       Plaintiff Nestor Buestan ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Ryszard Food Distributor, Inc. ("Ryszard Food Distributor"), Ryszard Horczak ("Ryszard"), and Margaret Horczak ("Margaret") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

       1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

       2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

       3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

       4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant Ryszard Food Distributor is a domestic corporation with its principal place of business located at 280 Boerum Street, Brooklyn, New York 11206.

9. Ryszard Food Distributor is a food supplier that delivers food products to businesses in the New York metropolitan area and the tri-state region.

10. Defendant Ryszard is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Ryszard was an owner of Ryszard Food Distributor.

12. At all relevant times, Ryszard was, and still is, an officer, director, shareholder and/or person in control of Ryszard Food Distributor who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. Defendant Margaret is an individual residing, upon information and belief, in the State of New York.

14. At all relevant times, Margaret was an owner of Ryszard Food Distributor.

15. At all relevant times, Margaret was, and still is, an officer, director, shareholder and/or person in control of Ryszard Food Distributor, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

16. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

17. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

18. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

19. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

20. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

21. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

22. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

23. Defendants operate in interstate commerce.

24. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

25. The First and Second Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

26. The FLSA Collective Plaintiffs consist of no less than fifteen (15) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages and other pay.

27. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

28. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

29. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

30. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

31. Plaintiff worked for Defendants as a delivery truck driver from in or around 2004 until on or around November 21, 2018.

32. As a delivery truck driver, Plaintiff's primary job duties included loading the truck with food products, driving the truck to the intended destinations, and delivering the food products to the customers.

33. Throughout his employment with Defendants, Plaintiff regularly worked five (5) days per week, from Mondays through Fridays, from 5:30 a.m. until 7:00 p.m., for a total of approximately sixty-seven and one-half (67.5) hours per week.

34. Plaintiff was not afforded meal or rest breaks during his shifts.

35. From in or around 2004 until in or around December 2015, Defendants compensated Plaintiff at an hourly rate of $13.50 for all hours worked.

36. From in or around January 2016 until on or around November 21, 2018, Defendants compensated Plaintiff at an hourly rate of $15.25 for all hours worked.

37. Throughout his employment, Plaintiff was paid by check for his first forty (40) hours worked per week, and by cash for the additional hours.

38. On occasion, Plaintiff was paid approximately one (1) to three (3) hours per week at his proper overtime rate.

39. However, Plaintiff was never compensated at his overtime rate for all hours worked.

40. Plaintiff estimates that, on average, Defendants failed to pay him overtime wages for approximately nine (9) hours of overtime that he worked each week.

41. Although Defendants required Plaintiff to clock in and out, Defendants instructed Plaintiff to track the first forty (40) hours of work per week electronically, and then track all additional hours by hand.

42. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to overtime compensation.

43. However, despite routinely working more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay for all hours he worked over forty (40) per week.

44. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

45. Furthermore, Plaintiff did not receive, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

46. Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees overtime compensation, and by failing to provide Plaintiff with the required payroll notices and wage statements.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations Under the FLSA)

47. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

48. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

49. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

50. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

51. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

52. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

53. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Overtime Violations Under the NYLL)

54. Plaintiff repeats and realleges all prior allegations set forth above.

55. Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

56. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

57. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay for each hour worked in excess of forty (40) hours in a week.

58. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

59. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Failure to Provide Payroll Notices Under the NYLL)

61. Plaintiff repeats and realleges all prior allegations.

62. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

63. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(Failure to Provide Wage Statements Under the NYLL)

65. Plaintiff repeats and realleges all prior allegations.

66. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rate of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

67. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

68. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

e) Interest;

f) Costs and disbursements; and

g) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 24, 2019

                                                */s/ Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff*