UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  NESTOR BUESTAN,

                           Plaintiff,

              -against-                          **ORDER**
                                                        19 CV 4273 (CLP)

  RYSZARD FOOD DISTRIBUTOR, INC., et
  al.,

                           Defendants.
------------------------------------------------------------ X
**POLLAK**, Chief United States Magistrate Judge:

        On July 24, 2019, plaintiff Nestor Buestan filed this action against Ryszard Food Distributor, Inc., and its owners Margaret Horzcak and Ryszard Horczak (collectively, "defendants"), seeking to recover unpaid overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law, Art. 6 § 190 et seq. The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

        The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release (the "Settlement Agreement") filed with the Court. (See Sett. Agr.[2]). On August 28, 2020, plaintiffs filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). On September 17, 2020, the Court held a fairness hearing on the motion. For the reasons set forth in this Order, the Court

---

[1] See Consent to Magistrate Judge Disposition, endorsed by the Honorable Judge Rachel P. Kovner on July 26, 2020, ECF No. 29.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed as Exhibit 1 to the joint Motion for Settlement Approval, filed August 11, 2020, ECF No. 30.

1

approves the parties' settlement as fair and reasonable and approves the attorneys' fee.

FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff was a delivery truck driver for Defendant Ryszard Food Distributor, Inc., a food supplier in Brooklyn, New York. (Compl.[3] ¶¶ 9, 31). Defendants Margaret and Ryszard Horczak are the owners of Ryszard Food Distributor. (Id. ¶¶ 11, 14). Defendants employed Nestor Buestan starting in 2004. (Id. ¶ 31). Plaintiff's job entailed loading the truck with food, driving it to its intended destinations, and delivering the food to the customers. (Id. ¶ 32). Plaintiff alleges that he was regularly scheduled to work 67.5 hours each week. (Id. ¶ 33). He alleges he was not afforded meal or rest breaks. (Id. ¶ 34). He alleges that he was paid by check for his first 40 hours worked, and by cash for additional hours. (Id. ¶ 37). Plaintiff further alleges that defendants failed to pay overtime for the hours he worked over 40 each week. (Id. ¶ 39). Plaintiff alleges that wages for any hours worked over 40 were only occasionally compensated at the proper overtime rate. (Id. ¶ 38). Plaintiff claims he was never provided a written record of his hours worked or his wage rates. (Id. ¶¶ 44, 47).

The parties propose to settle the case for a total of $15,000. (Mot.[4] at 2). Of that amount, plaintiff is to receive $9,589.68. (Sett. Agr. at 2). Plaintiff's counsel is to receive $5,410.32 in attorney's fees and costs. (Id.)

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of

---

[3] Citations to "Compl." refer to the Complaint, filed July 24, 2019, ECF No. 1.
[4] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on August 11, 2020, ECF No. 30.

2

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., — F.3d —, 2020 WL 550470, at *8 (2d Cir. Feb. 4, 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at *9. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the court must reject the proposed settlement. See id at *8.

3

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The agreement contains no impermissible "no assist," "no employment," confidentiality, or non-disparagement clauses, which contravene the FLSA. See Garcia v. Good for Life by 81, Inc., No. 17 CV 7228, 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

Although the Settlement Agreement contains a release, the release only precludes further lawsuits arising out of plaintiff's wage and hour claims (Sett. Agr. at 4–5), which the Court finds reasonable, as a narrow release limited to the claims at issue in this lawsuit does not offend Cheeks. Cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

3. Settlement Amount

The Settlement Agreement, which was reached after a period of arm's-length bargaining, proposes a total settlement amount of $15,000. (Mot. at 2). In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded. (Id.) For example, defendants asserted that plaintiff did not work as many overtime hours as he claims. (Id.) Defendants also contend that plaintiff was

4

exempt from the overtime pay requirement under the Motor Carrier Act. (Id.) Defendants further claim that they complied with overtime and notice requirements to the extent applicable.

Plaintiff estimated his total damages to be approximately $32,641.88. (Id.) This estimate reflects a significant reduction from plaintiff's initial damages calculation after a review of time and pay records provided by defendant's counsel. (Mot. at 2, n.1). Under this agreement, plaintiff will receive $9,589.68. (Sett. Agr. at 2). Counsel and the parties arrived at this compromise after two settlement conferences supervised by the Court. (Mot. at 3).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50

F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a

settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013). Courts in this Circuit have reduced the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiffs' counsel seeks one-third of the total settlement after deducting costs and expenses, amounting to $5,410.32. (Mot. at 2). Plaintiff's counsel submitted contemporaneous billing records reflecting a total of $20,082.50 in fees accrued over the course of the litigation. (Time Records[5] at 2). The lodestar multiplier for plaintiff's counsel thus amounts to 0.75. Counsel's recovery is therefore fair and reasonable in light of both the total settlement amount and actual hours expended on the matter.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that counsel's request for fees and costs is reasonable.

The Court directs the parties to submit a signed Stipulation of Dismissal by December 7,

---

[5] Citations to "Time Records" refer to the Attorney Time Records, filed as Exhibit 2 to the joint Motion for Settlement Approval, filed August 11, 2020, ECF No. 30.

2020.  The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 23, 2020

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York

8